IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS NEIL VELE,

                      Plaintiff,                OPINION AND ORDER

    v.

                                          15-cv-151-wmc

SHERIFF RANDALL WRIGHT,
DEPUTY RANDALL GIESE, STEPHEN
P. BURROUGHS, WARDEN MICHAEL
MEISNER, HOLLY A. GUNDERSON,
LORI DOEHLING, BRIAN MILLER and
RICKY L. SEABUL,

                      Defendants.

---

      State inmate Dennis Neil Vele filed a civil action under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights in connection with the conditions of his confinement in the Shawano County Jail and the Redgranite Correctional Institution. Vele has already been granted leave to proceed *in forma pauperis* and made an initial partial payment of the filing fee. The next step would normally be to screen his complaint as required by 28 U.S.C. § 1915A, but the court cannot conduct the required screening because Vele's complaint violates Rule 20 of the Federal Rules of Civil Procedure. As explained in more detail below, Vele's complaint contains at least three unrelated claims against different defendants. Accordingly, Vele must choose which lawsuit he wishes to pursue as Case No. 15-cv-151. Once Vele has made his selection, the court will then screen this action under 28 U.S.C. § 1915A. The other, unrelated claims will be dismissed without prejudice, permitting Vele to bring them in separate lawsuits provided the applicable statute of limitations has not expired.

ALLEGATIONS OF FACT[1]

**Parties**

Vele is presently confined by the Wisconsin Department of Corrections at the Redgranite Correctional Institution. Previously, he was confined as an inmate at the Shawano County Jail.

The named defendants include the following officials employed at the Shawano County Jail: Sheriff Randall Wright; Deputy Randall Giese; and Jail Administrator Stephen P. Burroughs. Also named as defendants are the following officers and officials at Redgranite: Warden Michael Meisner; Nursing Coordinator Holly A. Gunderson; Health Service Unit Manager Lori Doehling; H-Unit Manager Brian Miller and Dr. Ricky L. Seabul.

**Vele is Injured During Transport by Shawano County Sheriff Deputy Giese**

While in custody at the Shawano County Jail on December 28, 2012, Vele was scheduled to make a court appearance. He asked Deputy Giese to transport him to court in a wheelchair because his left leg had been amputated at the knee and his prosthetic leg was "defective and would give out." In denying that request, Giese forced Vele to cross the ice-covered street to court while chained up. As he was walking across the slippery street, Vele felt a sharp pain in his stump and his prosthetic leg "gave in," causing Vele to

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order then, the court assumes the facts above.

2

slip and fall on his right elbow. Vele was subsequently treated for a soft tissue injury at the Shawano Medical Center.

Vele submitted a grievance about Giese to Burroughs, who reportedly "became very indignant and angry, yelling: 'What do you want me to do about it, Mr. Vele?'" Vele further alleges that both Burroughs and Sheriff Wright failed to properly investigate his grievance against Giese.

**Redgranite Correctional Institution Health Care**

In December 2013, Vele was transferred from custody at the Shawano County Jail to WDOC. In January 2014, WDOC assigned Vele to the Redgranite Correctional Institution. In March 2014, Vele submitted a health service request, complaining that his prosthetic leg was defective and was scheduled to see a nurse at Redgranite. Vele then submitted a second request in April 2014, complaining that his prosthetic leg was "giving out" and that he was afraid of falling and hurting himself. Redgranite Health Services Unit manager, defendant Doehling, responded that Vele was scheduled to be sent to "an outside place" to have his prosthetic leg "fitted." On May 15 and 24, 2014, Vele submitted two more health service requests, this time complaining of pain in his right elbow.

On May 29, Vele slipped and fell after his prosthetic leg gave out. As a result, Vele submitted another health service request, again complaining about his prosthetic leg, and was informed that he would be scheduled to see a doctor.

On June 2, Vele was seen by defendant Seabul, an M.D., who inspected Vele's prosthetic leg and determined that it was defective. Seabul then referred Vele to an

3

outside provider ("Algan's") for "a revision" of his prosthesis. Seabul also examined Vele's right elbow and prescribed aspirin for the pain.

On June 10, Vele also submitted a health service request, complaining that aspirin was not effective in reducing the pain in his right elbow. Vele submitted additional requests in July and August, advising Dr. Seabul that the aspirin was "not working" and that something was "very wrong" with his right elbow. Finally, on August 18, Dr. Seabul reviewed Vele's x-rays and diagnosed a fracture.

**Transfer to Single Cell and Confiscation of Wheelchair**

On August 26, 2014, defendant Miller informed Vele that he was being removed from his "single handicap cell" and transferred to a double cell. Vele objected that he could not go into a double cell, because it was not big enough to accommodate his wheelchair. Miller replied, "Tough, deal with it." After Vele refused the order to move out for fear of falling due to his defective prosthetic leg, he was placed in disciplinary segregation for 90 days.

Following his release from disciplinary segregation, Vele was returned to H-Unit. On October 21, 2014, a correctional officer named Murphy removed Vele's wheelchair, which was parked outside his cell. Because his prosthetic leg was still not working correctly, Vele was unable to get to the dining hall without his wheelchair and missed lunch that day. When asked why he took his wheelchair, Officer Murphy told Vele that defendant Miller ordered him to do so.

Later that same day, Vele was ordered to walk over to Redgranite's Health Services Unit ("HSU") for medication. Vele advised another officer named Gravunder

4

that he did not want to walk because his prosthetic leg was defective and there was a risk he could fall. Gravunder replied that if Vele did not obey, he would call supervisory officers (the "White Shirts") to escort him physically to the HSU. When Vele refused to obey, he was taken to segregation in a wheelchair.

Subsequently, Vele filed a grievance against defendants Doehling and Miller for kicking him out of his "handicap cell" and putting him in a double cell that was not wheel chair accessible. Vele later filed another grievance against Miller and Doehling for sending Officer Murphy to confiscate his wheelchair. Vele's grievances were dismissed, as were his appeals.

OPINION

Fed. R. Civ. P. 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. More specifically, multiple defendants may not be joined in a single action unless: (1) the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence, or series of transactions or occurrences; *and* (2) presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If the requirements of Rule 20 are satisfied, then a plaintiff may join additional, unrelated claims against those same defendants under Fed. R. Civ. P. 18(a).

Vele's complaint unquestionably violates Rule 20 because it includes unrelated claims against multiple defendants at two different facilities over a period of two years.

5

As alleged, Vele's allegations belong in three separate lawsuits consisting of the following claims:

- **Lawsuit #1:** Claims Against Defendants Wright, Giese and Burroughs Arising from Vele's Injury at the Shawano County Jail.

- **Lawsuit #2:** Claims Against Defendant Seabul Arising Out of Seabul's Treatment of Vele's Elbow Injury.

- **Lawsuit #3:** Claims against Defendants Meisner, Gunderson, Doehling, and Miller Arising Out of Vele's Transfer from a Single Cell and Loss of Wheelchair.[2]

As a result, Vele will have to choose which of these lawsuits he wants to pursue in this case; the court will apply Vele's initial, partial payment and assign this case number to only that one lawsuit.

Vele may, of course, choose to pursue the other lawsuits as well, but must do so separately, paying a separate filing fee for each lawsuit he chooses to pursue. In addition, he may be subjected to a separate strike under 28 U.S.C. § 1915(g) for any lawsuit that is dismissed for failure to state a claim upon which relief may be granted. Once a prisoner receives three strikes, he is not able to proceed with new lawsuits without first paying the full filing fee, except under very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, Vele may choose to dismiss the other lawsuits. If he chooses this route, Vele will not owe an additional filing fee or face a strike for any lawsuit he dismisses. A lawsuit dismissed voluntarily would also be dismissed without prejudice, so

---

[2] In addition, Vele *may* have intended to bring claims against defendants or others for failing to treat his allegedly defective prosthetic leg or accommodate his need for assistance as a result. However, this is merely hinted at, not pled, and would further complicate the complaint with multiple, additional claims, or at least require these claims properly pled and added to Lawsuits #2 and #3, respectively.

Vele could bring it at another time, so long as he files it before any applicable statute of limitations has run.

Because Vele faces filing fees and potential strikes for each lawsuit pursued, he should obviously consider carefully the merits and relative importance of each of his potential lawsuits before choosing to proceed with respect to some or all of them. Vele should also be aware that because it is not clear at this time which of his separate lawsuits he will pursue, the court has *not* yet assessed the merits of any of the claims raised in the lawsuits identified above. Once Vele identifies the suit or suits he wants to continue to pursue, the court will screen the applicable claim(s) as required under 28 U.S.C. § 1915A.

If Vele disagrees with the way the court has grouped his claims, or if he believes the court has left out claims he intended to assert, *see, e.g.,* footnote 2 above, or included claims he did not intend to assert, Vele may raise those objections in his response, but he must still comply with this order and choose which of the lawsuits he wishes to pursue in *this* case. If he fails to do so, the court will dismiss all of his claims for his failure to prosecute.

ORDER

IT IS ORDERED that:

1) Plaintiff Dennis Neil Vele may have until **January 5, 2016**, to identify for the court which of the numbered lawsuits identified above he wishes to proceed with under the number assigned to this case. Plaintiff must pick one and only one of these lawsuits to proceed under Case No. 15-cv-151-wmc.

2) Vele may also have until **January 5, 2016,** to advise the court whether he wishes to pursue either of the other lawsuits under separate case numbers. Any lawsuit not specifically identified to proceed will be deemed voluntarily withdrawn.

3) Should Vele fail to respond to this order by **January 5, 2016**, the court will enter an order dismissing the lawsuit as it presently exists without prejudice for his failure to prosecute.

Entered this 15th day of December, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

8

Case 1:16-cv-00430-WCG   Filed 12/15/15   Page 8 of 8   Document 12