UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS NEIL VELE,

       Plaintiff,

   v.                                            Case No. 16-C-430

RANDALL WRIGHT, et al.

       Defendants.

## DECISION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Dennis Vele filed this *pro se* action under 42 U.S.C. § 1983, alleging Defendants

Randall Wright, Randall Giese, and Stephen Borroughs, former Shawano County Sheriff's

Department employees, violated his constitutional rights. This matter is before the court on the

defendants' motion for summary judgment. Vele responded to the motion on February 7, 2017.

The defendants have indicated that they do not intend to file a reply brief, thus this matter is ripe

for resolution. For the following reasons, I conclude that Vele failed to exhaust his administrative

remedies. The defendants' motion will therefore be granted and the case will be dismissed.

### BACKGROUND

Vele, an inmate at Shawano County Jail, originally filed this action in the Western District

of Wisconsin against eight defendants. Vele's original complaint violated Rule 20 of the Federal

Rules of Civil Procedure by asserting multiple claims that could not be joined in one lawsuit. Vele

then filed an amended complaint, as well as a motion to transfer the case to the Eastern District of

Wisconsin. Since his amended complaint concerns staff and events at Shawano County Jail, the

court found that change of venue was proper under 28 U.S.C. § 1391(b) and granted Vele's motion under 28 U.S.C. § 1406.

Vele's amended complaint relates to an elbow injury he sustained on December 28, 2012. Vele was required to make an appearance at the Shawano County Courthouse that day. Deputy Randall Giese was tasked with walking Vele across the street to the courthouse. Defs.' Proposed Findings of Fact at ¶ 6, ECF No. 49. Vele was placed in handcuffs and a waist band. While walking to court, Vele slipped on some ice and fell, spraining his elbow. *Id.* at ¶ 15. Vele claims Deputy Giese violated his constitutional rights by refusing to escort Vele to court in a wheelchair.

Vele also asserts that Jail Administrator Borroughs and Sheriff Wright failed to properly investigate his complaints, in violation of the Americans with Disabilities Act. According to Borroughs, as the Jail Administrator, he was responsible for handling and responding to inmate complaints. Any dissatisfaction with Borroughs' handling of complaints needed to be addressed in a written appeal to Sheriff Wright. *Id.* at ¶ 24. Vele does not dispute that the Shawano County Jail had such a policy for handling inmate complaints and that he failed to comply with it.

Vele did file numerous complaints regarding his medical treatment and his disagreement with the medical staff. Borroughs promptly responded in writing to Vele's complaints. However, because all of Vele's complaints related to his medical care, Borroughs promptly forwarded copies of the complaints to the medical staff. *Id.* at ¶ 33. During this time, pursuant to a written contract, all inmate medical care was provided by Correctional Healthcare Companies. *Id.* at ¶ 30. No Shawano County employees—including Giese, Borroughs, and Wright—were responsible for inmate medical care. Vele never filed a complaint about Giese, Borroughs, or Wright. Even though the appropriate forms were available, Vele never appealed Borroughs' handling of his complaints.

**LEGAL STANDARD**

Summary judgment is appropriate when a moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, a court must construe the evidence in the light most favorable to the non-moving party. *Ramos v. City of Chicago*, 716 F.3d 1013, 1014 (7th Cir. 2013). There is no genuine issue of material fact when the parties agree to all the facts. *See Carter v. Buscher*, 973 F.2d 1328, 1331 (7th Cir. 1992). Proposed findings of fact that go uncontroverted are admitted and treated as agreed upon by all parties for the purpose of deciding summary judgment. *See* Civil L. R. 56(b)(4) ("The Court will deem unconvtroverted statements of material fact admitted solely for the purpose of deciding summary judgment."); *see also* Fed. R. Civ. P. 56(e)(3).

**ANALYSIS**

The Prison Litigation Reform Act of 1995 (heretofore "PLRA") provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The failure to properly exhaust each step of the process constitutes failure to exhaust available administrative remedies. *Id.* This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v.*

*Nussle*, 534 U.S. 516, 532 (2002). The objective of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion," and expects prisoners to adhere to "the specific procedures and deadlines established by the prison's policy." *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted).

Prisoners "must direct their grievances to the entity allegedly responsible for the conditions they wish to challenge." *King v. McCarty*, 781 F.3d 889, 894 (7th Cir. 2015) (citations omitted). According to Borroughs' declaration, inmates are required to submit a complaint to Borroughs for review. ECF No. 48 at ¶ 4. When an inmate is unsatisfied with Borroughs' decision regarding the complaint, he must submit a written appeal to the sheriff on the forms provided. *Id.*

In this case, after Vele injured his elbow, he filed numerous complaints with Borroughs regarding his medical treatment. For instance, in one complaint, Vele writes that the medical staff took his arm sling despite the fact that he wanted to continue using it. ECF No. 45 at 15. Borroughs promptly responded to Vele's complaints, noting that the nurse and doctor from the Correctional Healthcare Companies were responsible for Vele's medical care, and that Borroughs lacked the authority to call their medical decisions into question. Borroughs indicates that Vele never filed an inmate complaint against himself, Deputy Giese, or Sheriff Wright. In addition, Vele never appealed any of Borroughs' decisions regarding Vele's complaints. *Id.* Vele does not dispute that he never filed an inmate complaint regarding Deputy Giese's conduct on December 28, 2012, or that he never appealed Borroughs' decisions to Sheriff Wright. He offers no excuse for his failure to

4

do so. When "the failure to exhaust was the prisoner's fault . . . the case is over." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Although the defendants also assert several other grounds upon which they contend they are entitled to summary judgment, there is no need to address them since Vele has failed to exhaust his administrative remedies. This is enough to doom his case. Accordingly, the defendants' motion for summary judgment is **GRANTED** and the case is **DISMISSED**. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** this   23rd   day of June, 2017.

<div style="margin-left:50%;">

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

</div>